*865 OPINION.
Siefkin:
The principal question is whether an amount of $58,-806.23, received by Howard M. Taylor from the Associated Building Co. in 1920 was a loan. The respondent has treated $12,758.25 of it as a return of capital, and the remainder, $46,047, as a distribution of earning's, taxable to Taylor, and has excluded the whole amount of $58,806.23 from invested capital of the three corporations.
The evidence discloses that Taylor owned no stock of the Associated Building Co. Stock of that company ivas held by the International Bedding Co., another corporation of which Taylor was the sole stockholder. Apparently no action was taken by the directors of any of the corporations authorizing the payment of a dividend of $58,806.23 to Taylor, nor ivas any action of any kind taken by the directors with regard to the transfer of this amount to Taylor. It was treated as an account receivable on the books of the Associated Building Co. and Taylor testified that it constituted a loan to him in the ordinary course of business of the corporation. No note was *866 given for this amount, nor was any interest agreed upon, charged, or paid. No part of the principal amount has ever been repaid, but in order to protect the corporation against this loan, Taylor took out $100,000 life insurance payable to his estate.
In Cadillac Automobile Co. of Illinois, 5 B. T. A. 604, Foster, president of the corporation and the sole stockholder, with the exception of those holding qualifying shares, made withdrawals and his personal account was charged. The principal cause of Foster’s indebtedness was his withdrawal of funds to purchase a vacant piece of property required by the corporation. On August 1, 1919, the corporation ceased doing active business. At the time of the hearing the corporation was in the process of liquidation. At the time Foster’s indebtedness to the corporation was substantially as large as it was in 1918, but the corporation’s surplus was and always had been more than sufficient to take care of Foster’s indebtedness. In that case we said:
The only evidence we have is to the effect that Foster borrowed some $80,000 and promised to pay it back. The corporation gave him the use of it with the full right to reclaim it. Foster, so far as the evidence shows, was solvent and able to pay the amount, and upon the strength of his promise as an account receivable the corporation, to some extent, secured credit at the bank. By iis balance sheet it held out to third persons that Foster’s indebtedness was part of its assets, and Foster certified to this. We know of no authority for saying that Foster or the corporation could have contended for his or its own advantage that this belonged to Foster by way of dividend. Irrespective of whether Illinois law permitted such a dividend, we can not find any evidence that one was intended. When, in the future, either in the ordinary course or in final liquidation, Foster is relieved of the indebtedness, it will be necessary to consider whether he then realizes income. Meanwhile, what is for all other purposes a loan is not to be construed as a dividend solely to support a tax. See Pictorial Review Co., 5 B. T. A. 416. Like other accounts receivable, the amount is within the petitioner’s invested capital, and the Commissioner’s determination is reversed.
From all the evidence we conclude that the $58,806.28 was loaned to Taylor and is, therefore, not taxable income to him. The respondent erred in including this amount in Taylor’s taxable income and in excluding it from the invested capital of the three petitioning corporations.
No evidence was introduced or argument submitted with reference to the assignment of error in Docket No. 12T33 with respect to the computation of the tax under section 302 of the Revenue Act of 1918. No error is apparent in the respondents action in that respect and we assume that whatever adjustments result from this opinion will be properly taken care of upon the settlement.
Reviewed by the Board.

Judgment will be entered under Rule 50.